UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF RUBY B. PARR, by
and through Michael Parr, Personal
Representative,

    Plaintiff,

v.    Case No. 8:21-cv-764-SCB-SPF

PALM GARDEN OF WINTER HAVEN,
LLC d/b/a Palm Garden of Winter
Haven, ET AL.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Remand. (Doc. No. 5). Defendants oppose the motion and request oral argument. (Doc. No. 7, 8). The Court finds that oral argument is not necessary, and the Court grants the motion to remand.

## **I. Background**

Plaintiff Estate of Ruby B. Parr alleges the following in its complaint (Doc. No. 1-1): On April 27, 2020, during the COVID-19 pandemic, Ruby Parr was admitted to Defendant Palm Garden of Winter Haven, LLC ("Palm Garden"). Parr remained at Palm Garden until she was discharged on June 24, 2020, and she died the next day.

Plaintiff contends that Defendants Palm Garden, Palm Healthcare Management, LLC (the entity that operated, managed, and oversaw Palm Garden), and Samantha Clearwater, NHA (the Administrator of Palm Garden) owed a duty to Parr to provide her with reasonable care while she was at Palm Garden. Plaintiff contends that Defendants were negligent in failing to respond to the threat of COVID-19 in an appropriate manner, such as by: (1) failing to prevent asymptomatic staff that had been exposed to COVID-19 from coming into work and interacting with the residents; (2) failing to keep symptomatic residents quarantined from the general population; (3) failing to provide staff with Personal Protective Equipment; and (4) failing to implement safety precautions and to follow the protocols set by the CDC.

Plaintiff contends that Defendants' omissions caused Parr to contract COVID-19. On June 24, 2020, Parr was found unresponsive and was transferred to Winter Haven Hospital. Parr died the next day, and her cause of death was listed as COVID-19 pneumonia.

Plaintiff asserts two claims against Defendants. First, Plaintiff asserts a state law negligence claim. Second, Plaintiff asserts a state law wrongful death claim. In response, Defendants removed the case to this Court on the basis of federal question subject matter jurisdiction under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e.

## II. Motion to Remand

Plaintiff argues that this case must be remanded, because it has asserted state law claims and there is no federal question jurisdiction in this case. Defendants have the burden of establishing subject matter jurisdiction. See Estate of Smith by and through Smith v. Bristol at Tampa Rehabilitation & Nursing Center, LLC, 2021 WL 100376, at *1 (M.D. Fla. Jan. 12, 2021). As explained below, Defendants have not met their burden.

### A. The PREP Act

In general, the PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [required by the PREP Act] . . . has been issued with respect to such countermeasure." 42 U.S.C. § 247d-6d(a)(1). A "covered countermeasure" includes a qualified pandemic or epidemic product, drug, or device. 42 U.S.C. § 247d-6d(i)(1). "Effective February 4, 2020, the Secretary [of Health and Human Services] issued a Declaration to provide liability immunity for activities related to medical countermeasures against COVID-19." Gunter v. CCRC OPCO-Freedom Square, LLC, 2020 WL 8461513, at *3 (M.D. Fla. 2020) (citation omitted).

## B. Federal Question Jurisdiction

Defendants argue that Plaintiff's claims are preempted by the PREP Act, and as such, this Court has federal question jurisdiction. There are two types of preemption. The first type—ordinary preemption—"is an affirmative defense that applies to statutory sections that arguably supersede conflicting state law *without creating the right of removal*." Bolton v. Gallatin Center for Rehabilitation & Healing, LLC, 2021 WL 1561306, at *6 (M.D. Tenn. Apr. 21, 2021) (quotation marks and citations omitted). The second type—complete preemption—"is jurisdictional and is reserved for statutes designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action[.]" Id. (quotation marks and citations omitted). Thus, only if the PREP Act provides complete preemption can it be a basis for removal in this case.

Based on this Court's research, only one federal court has found that the PREP Act provides complete preemption. See Garcia v. Welltower OPCO Group LLC, 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021). However, all of the federal district court decisions reported on Westlaw that cite to and consider Garcia have declined to follow its lead. This Court joins with all of the district courts that have addressed the issue and concluded that the PREP Act does not provide complete preemption, and thus, it does not provide a basis for federal question jurisdiction. See, e.g., Bolton, 2021 WL 1561306, at *8; Estate of Smith, 2021

WL 100376, at *1; Evans v. Melbourne Terrace RCC, LLC, 2021 WL 1687173, at *2 (M.D. Fla. Apr. 29, 2021).

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion for Remand (Doc. No. 5) is **GRANTED**.

(2)     The Clerk is directed to remand this case to state court, terminate all pending motions, and close this case.

DONE AND ORDERED at Tampa, Florida, this 10th day of May, 2021.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record